1  James Dal Bon, Esq., SBN 157942
   jdb@wagedefenders.net
2  **LAW OFFICES OF JAMES DAL BON**
   606 North 1st Street
3  San Jose, CA 95112
   Telephone:   (408) 466-5845
4  Facsimile:    (408) 286-7111

5  Attorney for the Plaintiff
   KELLY KNOWLES
6

7  David L. Cheng, Esq., SBN 240926
   dcheng@fordharrison.com
8  **FORD & HARRISON LLP**
   350 S. Grand Avenue, Ste. 2300
9  Los Angeles, CA  90071
   Telephone:   (213) 237-2400
10 Facsimile:    (213) 237-2401

11 Noah M. Woo, Esq., SBN 311123
   nwoo@fordharrison.com
12 **FORD & HARRISON LLP**
   1901 Harrison Street, Suite 1650
13 Oakland, CA  94612
   Telephone:   (415) 852-6911
14 Facsimile:    (415) 852-6925

15 Attorneys for Defendant
   POSITIVE BEHAVIOR SUPPORTS
16 CORPORATION

17            UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19

20 KELLY KNOWLES                        Case No.  4:20-cv-00335-PJH

21            Plaintiff,                **STIPULATION REGARDING BELAIRE-
                                        WEST NOTICE PROCESS AND
22     vs.                             ORDER**

23 POSITIVE BEHAVIOR SUPPORTS           The Hon. Chief District Judge Phyllis J.
   CORP. and DOES 1 through 100,        Hamilton
24
             Defendants.
25                                      Action Filed:       October 17, 2019
                                        FAC Filed:          December 27, 2019
26                                      Action Removed: January 15, 2020
                                        Trial Date:         None Set
27

28

Ford & Harrison
LLP
Attorneys At Law
Oakland

-1-     STIPULATION REGARDING BELAIRE-WEST NOTICE
                         PROCESS AND ORDER
                         CASE NO. 4:20-cv-00335-PJH

**TO THE COURT AND ALL ATTORNEYS OF RECORD:**

Plaintiff Kelly Knowles ("Plaintiff") and defendant Positive Behavior Supports Corporation ("Defendant") (collectively, the "Parties") hereby submits this stipulation regarding the Parties' agreement to submit to the Belaire-West notice process. To preserve the privacy rights of certain individuals that worked as independent contractors between October 17, 2015 to the present, the Parties agreed to issue a Belaire-West notice before proceeding forward with the exchange of personal information relating to each individual.

The Parties stipulate as follows:

(1)     The Parties jointly prepared and agreed to issue the Belaire-West notice attached as **Exhibit A** to this Stipulation.

(2)     The Parties jointly agreed to utilize Simpluris to administer and handle the Belaire-West notice process. Plaintiff agreed to incur the expenses and costs associated with Simpluris to proceed forward with the Belaire-West notice process.

(3)     The Parties jointly agreed that the submitted class list will be subject to a protective order and designated as confidential. A true and correct copy of the protective order is attached as **Exhibit B**. Plaintiff will also not use the submitted class list for any other purpose other than for class certification purposes.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  December 10, 2020          LAW OFFICES OF JAMES DAL BON

By          */s/ James Dal Bon*
_____
James Dal Bon
Attorneys for Plaintiff
KELLY KNOWLES

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-          STIPULATION REGARDING BELAIRE-WEST NOTICE
PROCESS AND ORDER
CASE NO. 4:20-cv-00335-PJH

1    Dated:  December 10, 2020                    FORD & HARRISON LLP

2

3                                                By _____/s/ Noah M. Woo_____

4                                                     David L. Cheng
                                                     Noah M. Woo
5                                                     Attorneys for Defendant
                                                     POSITIVE BEHAVIOR SUPPORTS
6                                                     CORPORATION

7

8    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

9

10   DATED: 12/11/2020

11                                 United Sta                    IT IS SO ORDERED

12                                                               Judge Phyllis J. Hamilton

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-3-        STIPULATION REGARDING BELAIRE-WEST NOTICE
PROCESS AND ORDER
CASE NO. 4:20-cv-00335-PJH

# EXHIBIT A

**PLEASE READ – THIS AFFECTS YOUR PRIVACY**

<u>NOTICE OF REQUEST FOR YOUR PERSONAL INFORMATION AND RECORDS</u>

Dear current or former independent contractor of Positive Behavior Supports Corp. ("PBS"):

You are receiving this letter because you worked as an independent contractor for PBS at any time from October 17, 2015 to the present. A former independent contractor, Kelly Knowles, his filed a class representative action that is currently pending in U.S. District Court, Northern District of California, titled: Kelly Knowles v. Positive Behavior Supports Corp., Case No. 4:20-cv-00335-PJH (the "Lawsuit"). In this Lawsuit, Ms. Knowles alleges that she was misclassified and PBS violated specific California "wage and hour" laws under various California Labor Code sections and California Labor Code Private Attorneys General Act of 2004 ("PAGA"). PBS denies the claims and asserts it has not violated the law.

Ms. Knowles filed this Lawsuit as a class representative on behalf of herself and all current and former independent contractors of PBS who worked in California at any time between October 17, 2015 to the present date and that provided behavioral services. PBS's records have identified you as a potential member of this group.

The Plaintiff (Kelley Knowles) claims that when she worked for PBS, PBS violated the following Labor Code provisions: (1) failed to pay for all hours worked including but not limited to uncompensated split shifts, uncompensated travel to and from PBS's client's homes, and uncompensated time preparing and submitting required reports; (2) failed to provide proper meal and rest periods in accordance with California law; (3) failed to pay for all time worked and pay all wages due, including minimum wages and overtime compensation due; (4) did not provide accurate itemized wage statements; and (5) failed to provide reimbursement for business related expenses.

PBS denies all of these allegations and asserts that it has not violated applicable law. PBS asserts that it has complied with all applicable state and federal laws regarding its independent contractors. Further, PBS further denies that this lawsuit should proceed as a "representative action." The Court has not yet made any rulings on the merits of Plaintiff's claims or PBS' defenses.

You are receiving this letter because Ms. Knowles and her attorneys have requested that PBS provide them with your contact information (including your name, address, and telephone number), so they may contact you regarding the Lawsuit. PBS believes that this information is protected by state and federal privacy laws release this information to Ms. Knowles and her lawyers if you object to its release by signing, and returning, the enclosed form.

IF YOU DO NOT WANT YOUR CONTACT INFORMATION TO BE PROVIDED TO MS. KNOWLES' ATTORNEY, YOU MUST SIGN AND RETURN THE ENCLOSED POSTCARD TO THE ADDRESS LISTED ON THE TOP OF THIS LETTER within 45 days of the mail date of this postcard. *The postcard must state your printed name, and include your signature and date signed.* IF YOU DO NOT SIGN AND RETURN THE ENCLOSED POSTCARD BY THE DEADLINE, YOUR NAME, ADDRESS, AND TELEPHONE NUMBER WILL BE

DISCLOSED TO MS. KNOWLES' ATTORNEY. IF YOU CONSENT TO HAVING YOUR INFORMATION RELEASED, THEN YOU NEED TO DO NOTHING.

**You are under no obligation to provide information to or discuss this matter with Ms. Knowles or her attorney. You are also under no obligation to provide information to, or to discuss this matter with PBS or any of its agents or attorneys.  California law prohibits your employer from retaliating against you in any way for providing or refusing to provide any information.  Should you choose to contact either party's counsel, the contact information for each party's counsel is listed below.**

Ms. Knowles ("Plaintiff") is represented by James Dal Bon of The Law Offices of James Dal Bon.  The Plaintiff's lawyers' contact information is as follows:

**THE LAW OFFICES OF JAMES DAL BON**
James Dal Bon, Esq.
606 N 1st St.
San Jose, CA 95112
Tel. 650-630-2447
Email: jdb@wagedefenders.net

PBS is represented by FORD HARRISON, LLP.  PBS' lawyers' contact information is as follows:

**FORD & HARRISON LLP**
David L. Cheng, Esq.
Noah M. Woo, Esq.
dcheng@fordharrison.com
nwoo@fordharrison.com
350 S. Grand Ave., Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400; Facsimile: (213) 237-2401

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS NOTICE.**

**[Text of Opt-Out Prepaid postcard]**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Kelly Knowles v. Positive Behavior Supports Corp., et al.*

U.S. District Court, Northern District of California, Case No. 4:20-cv-00335-PJH

IF YOU DO <u>NOT</u> WANT PBS TO RELEASE YOUR CONTACT INFORMATION TO PLAINTIFF'S COUNSEL, YOU MUST SIGN, DATE AND RETURN THE ENCLOSED, POSTAGE-PAID, SELF-ADDRESSED POSTCARD. THIS POSTCARD MUST BE POSTMARKED NO LATER THAN [30 DAYS FROM THE DATE OF MAILING OF THIS NOTICE].

IF YOU DO NOT SIGN, DATE AND RETURN THE ENCLOSED, POSTAGE-PAID, SELF-ADDRESSED POSTCARD BY ____[45 days from mailing]____, 2020, YOUR CONTACT INFORMATION WILL BE DISCLOSED TO MS. KNOWLES' ATTORNEYS AND YOU MAY BE CONTACTED BY THEM.

I request that my name, address, and employment records **not** be released to Ms. Knowles' attorney.

Date: _____

Signed by: _____

**Print Your Name** As Used at The Time You Worked For PBS As An Independent Contractor (if you used more than one name, please list all names used below)

First Name: _____

Last Name: _____

# EXHIBIT B

JAMES DAL BON, ESQ., SBN 157942
LAW OFFICES OF JAMES DAL BON
606 NORTH 1ST STREET
SAN JOSE, CA 95112

Attorney for the Plaintiff
KELLY KNOWLES

DAVID L. CHENG, ESQ., SBN 240926
NOAH M. WOO, ESQ., SBN 311123
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, CA  94612
Telephone:    (415)-852-6911
Email: dcheng@fordharrison.com
Email: nwoo@fordharrison.com

Attorneys for Defendant
POSITIVE BEHAVIOR SUPPORTS
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KNOWLES | CASE NO.  4:20-cv-00335-PJH |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| POSITIVE BEHAVIOR SUPPORTS CORP. and DOES 1 through 100, | Action Filed:       October 17, 2019<br>FAC Filed:         December 27, 2019<br>Action Removed: January 15, 2020<br>Trial Date:        None Set |
| Defendants. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-cv-00335-PJH

on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

-4-

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-cv-00335-PJH

Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-6-                              STIPULATED PROTECTIVE ORDER
                                CASE NO. 4:20-cv-00335-PJH

1    shall automatically waive the confidentiality designation for each challenged designation. In

2    addition, the Challenging Party may file a motion challenging a confidentiality designation at any

3    time if there is good cause for doing so, including a challenge to the designation of a deposition

4    transcript or any portions thereof. Any motion brought pursuant to this provision must be

5    accompanied by a competent declaration affirming that the movant has complied with the meet

6    and confer requirements imposed by the preceding paragraph.

7        The burden of persuasion in any such challenge proceeding shall be on the Designating

8    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

9    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

10   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

11   file a motion to retain confidentiality as described above, all parties shall continue to afford the

12   material in question the level of protection to which it is entitled under the Producing Party's

13   designation until the court rules on the challenge.

14   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

15       7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

16   produced by a Party or by a Non-Party in connection with this case only for prosecuting,

17   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

18   the categories of persons and under the conditions described in this Order. When the litigation has

19   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

20   DISPOSITION).

21       Protected Material must be stored and maintained by a Receiving Party at a location and

22   in a secure manner that ensures that access is limited to the persons authorized under this Order.

23       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

24   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

25   information or item designated "CONFIDENTIAL" only to:

26       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

27   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

28   for this litigation;

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-7-

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-cv-00335-PJH

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-8-

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-cv-00335-PJH

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession

1   or control that is subject to the confidentiality agreement with the Non-Party before a

2   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

3   burden and expense of seeking protection in this court of its Protected Material.

4   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6   Material to any person or in any circumstance not authorized under this Stipulated Protective

7   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

8   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

9   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

10  made of all the terms of this Order, and (d) request such person or persons to execute the

11  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
13        MATERIAL

14       When a Producing Party gives notice to Receiving Parties that certain inadvertently

15  produced material is subject to a claim of privilege or other protection, the obligations of the

16  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

17  provision is not intended to modify whatever procedure may be established in an e-discovery

18  order that provides for production without prior privilege review. Pursuant to Federal Rule of

19  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

20  communication or information covered by the attorney-client privilege or work product

21  protection, the parties may incorporate their agreement in the stipulated protective order

22  submitted to the court.

23  12.   MISCELLANEOUS

24       12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

25  seek its modification by the court in the future.

26       12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

27  Order no Party waives any right it otherwise would have to object to disclosing or producing any

28  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-10-                    STIPULATED PROTECTIVE ORDER
                       CASE NO. 4:20-cv-00335-PJH

1    Party waives any right to object on any ground to use in evidence of any of the material covered

2    by this Protective Order.

3          12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party

4    or a court order secured after appropriate notice to all interested persons, a Party may not file in

5    the public record in this action any Protected Material. A Party that seeks to file under seal any

6    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

7    under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

8    issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

9    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

10   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

11   Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

12   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

13   unless otherwise instructed by the court.

14   13.    <u>FINAL DISPOSITION</u>

15         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

16   Receiving Party must return all Protected Material to the Producing Party or destroy such

17   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

18   compilations, summaries, and any other format reproducing or capturing any of the Protected

19   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

20   submit a written certification to the Producing Party (and, if not the same person or entity, to the

21   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

22   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

23   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

24   capturing any of the Protected Material.

25         Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

26   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

27   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

28   consultant and expert work product, even if such materials contain Protected Material. Any such

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-11-

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-cv-00335-PJH

1    archival copies that contain or constitute Protected Material remain subject to this Protective

2    Order as set forth in Section 4 (DURATION).

3          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5    Date: October 2, 2020             FORD & HARRISON LLP

6                     By: /s/ Noah M. Woo

7                        Ross A. Boughton
                       Noah M. Woo

8                        Attorneys for Defendant
                       POSITIVE BEHAVIOR SUPPORTS

9                        CORPORATION

10

11    Dated:  October 2, 2020          LAW OFFICES OF JAMES DAL BON

12

13                     By:     /s/ James Dal Bon   *James Dal Bon*

14                        James Dal Bon
                       Attorneys for Plaintiff

15                        KELLY KNOWLES

16

17    PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19    DATED:  October 9, 2020

20                     United States Di_____

21

22

23

24

25

26

27

28

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

-12-

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-cv-00335-PJH

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Kelly Knowles v. Positive Behavior Supports Corp., et al*., United States District Court for the Northern District of California Case No. 4:20-cv-00335-PJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA/COUNTY OF ALAMEDA

I am a citizen of the United States and an employee in the County of Alameda. I am over the age of eighteen (18) years and not a party to the within action. My business address is FORD & HARRISON LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612.

On December 10, 2020, I electronically served the document(s) via USDC NDCA ECF website, described below, on the recipients designated on the Transaction Receipt located on the USDC NDCA ECF website.

**STIPULATION REGARDING BELAIRE-WEST NOTICE PROCESS AND [PROPOSED] ORDER**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY USDC NDCA WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on December 10, 2020, at Oakland, California.

*/s/ Bridgette C. Burdick*
Bridgette C. Burdick

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

STIPULATION REGARDING BELAIRE-WEST NOTICE
PROCESS AND [PROPOSED] ORDER