1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN CALIFORNIA**

Case No 4:20-cv-00335-PJH

**Kelley Knowles**

**Plaintiffs,**

     **vs.**

**Positive Behavior Supports Corp.**

**Defendant.**

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

**Case Removed: January 15, 2020**

**Final Approval Hearing 2/3/22**

Plaintiff's unopposed motion to preliminarily approve a class and PAGA settlement came on for hearing before this Court on October 14, 2021, before the Honorable Phyllis J. Hamilton. Having fully considered the papers submitted in support of the motion, carefully analyzed the Class Action and PAGA Settlement, the Notice of PAGA and Class Action Settlement, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of a proposed class action settlement, the Court hereby GRANTS Plaintiff's motion as follows:

1)   The Plaintiff, Kelly Knowles, filed a class action on October 17, 2019, in San Francisco Superior Court case number CGC-19-580094 against Florida-based company Positive Behavior Supports.  The Class involved approximately 650 workers misclassified as independent contractors between October 17th, 2015, to December 31st, 2018.   The Defendant removed the case to federal court on January 20, 2020, and it was assigned to the Honorable Phyllis J. Hamilton.  ECF 3. The Defendant answered the complaint on February 28, 2020.  ECF 12.  The court ordered the case to mediation at the first Case Management Conference on April 16, 2020.  ECF 17.

2)   Plaintiff filed an amended complaint on December 27, 2019.  ECF 2-2.  The amended complaint asked for damages in the form of lost wages, meal and rest period violations, split shift

differential, reporting time pay, and reimbursement of business-related expenses.  Ms. Knowles additionally filed for waiting time and paystub penalties, expenses, interest and liquidated damages, restitution of wages for herself and other similarly situated employees of Positive Behavior Supports Corp.  She also filed a claim for civil penalties under the California Private Attorney General's Act for failure to provide personnel records, payroll records and for inaccurate and incomplete paystubs.

BACKGROUND OF THE LAWSUIT

3)      Through formal and informal discovery, Defendant provided Plaintiff's counsel with thousands of pages of payroll records, and aggregate class member data encompassing the relevant time period.  The plaintiff hired a team of investigators to speak to the class members. The plaintiff also employed an economist to help calculate the damages.

4)      On April 5, 2021, the Parties attended private mediation with Hon. Carl West (Ret.), where the Parties reached a settlement, as provided herein, to resolve Plaintiffs' claims on a class and representative action basis.

5)      Following an email memorializing the agreement by Judge West, the Parties negotiated and executed a PAGA and Class Action Settlement (the "Settlement Agreement"), filed with the Court on September 7, 2021. See 20-CV-03335 EFC No. 33 Ex I part 1.

6)      The Settlement Agreement provides for the full settlement and release of all PAGA, and class claims encompassed by the Complaint and the First Amended Complaint.  Defendant continues to deny all allegations of wrongdoing, and does not admit or concede that it has, in any manner, violated the California Labor Code, the California Unfair Competition Law, any Wage Orders or any other law.  Defendant also denies that this case is appropriate for class action treatment other than for purposes of settlement.

//

//

CERTIFICATION OF SETTLEMENT CLASS

7)      Based on the findings and conclusions set forth below the Court determines that this case meets the requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement, and hereby orders that this case is certified as a class action, for purposes of settlement only, on behalf of the following class:

"ALL PERSONS IN CALIFORNIA WHO  DEFENDANT CLASSIFIED AS INDEPENDENT CONTRACTORS DURING  THE CLASS PERIOD OF OCTOBER 17, 2015, TO DECEMBER 31, 2018 ."

8)      The findings and conclusions that follow are based on the Court's consideration of: the allegations, information, arguments, and authorities cited in the motion and supporting memorandum and declarations, the allegations, information, arguments, and authorities provided in connection with the Complaints filed in this case; Defendant's agreement, for settlement purposes only, not to oppose certification of the settlement class specified in the Settlement Agreement, the terms of the Settlement, and the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

FACTORS FAVORING PRELIMINARY APPROVAL OF SETTLEMENT CLASS

a.      Numerosity. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are more than 600 class members.  Settlement Class Members' identities can be ascertained from Defendant's records.

b.      Common Questions of Law or Fact. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to: whether Defendant misclassified the class members as independent contractors, violated California Labor Code §§ 226.2, 510, and 1194 by failing to pay employees for all hours worked; whether Defendant

violated California Labor Code §§ 226.2, 1194, 1194.2, 1194.3, 1197 and 1197.1 by failing to pay

minimum wage for all hours worked; whether Defendant violated California Labor Code §§ 226,

226.2 and 226.3 by failing to provide accurate wage statements; whether Defendant is liable for

waiting time penalties pursuant to California Labor Code §§ 201, 202 and 203; whether Defendant

violated California Labor Code § 558; whether Defendant violated California Business and

Professions Code §§ 17200, et seq. by failing to pay minimum wages.

c.      Typicality of the Representative Plaintiffs' Claims. The Court finds that, for purposes of this

settlement only, the claims of Plaintiffs are typical of the claims of the Class, in that her claims arise

from the same alleged events and course of conduct as the claims of the Class and are based on the

same legal theories.

d.      Fair and Adequate Representation of the Class's Interests. The Court finds that, for purposes

of this settlement only, the Representative Plaintiff will fairly and adequately represent the Class's

interests, in that the Representative Plaintiff for purposes of this settlement has the same interests as

all members of the Class, has diligently and zealously prosecuted this action to date, and is

represented by experienced and competent attorneys who have the resources necessary to represent

the Class. The Court hereby appoints Plaintiff Kelly Knowles as the Class Representative, for

settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

e.      Predominance and Superiority of the Class Action Procedure. The Court concludes that, for

purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are

satisfied because questions of law and fact common to Settlement Class Members predominate over

any questions affecting only individual members and that a settlement class is superior to other

available methods for the fair and efficient adjudication of the controversy.

9)      Appointment of Class Counsel. The Court hereby appoints, for purposes of this settlement

only James Dal Bon of Law Offices of James Dal Bon as counsel for the settlement class ("Class

Counsel"). In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Class Counsel has extensive experience in handling class actions and the types of claims asserted in this action; that Class Counsel is very knowledgeable of the applicable law; and that Class Counsel has committed and will continue to commit adequate resources to representing the Class.

THE SETTLEMEMT IS FAIR AND THE COURT PRELIMINARILY APPROVES THE CLASS SETTLEMENT

10)     The Court has reviewed the terms of the Settlement and the description of the Settlement set forth in Plaintiffs' moving papers. Based on that review, the Court concludes that the Class Settlement has no obvious deficiency, appears to be fair, reasonable, and adequate, and is within the range of possible settlement approval such that notice of the proposed class settlement to the Class is appropriate.

11)     The Court has read and considered the Declarations of James Dal Bon and Kelly Knowles in support of the motion for preliminary approval.  Based on the Court's review of that Declaration, the Court finds that the Settlement was negotiated at arms-length and is not collusive.  The Court further finds that Class Counsel were adequately informed about Defendant's financial condition and the strengths and risks of the Class's case when they entered into the Settlement, and that they entered into the Settlement only after conducting extensive informal and formal discovery and investigation, which included interviewing the plaintiffs and other current and former employees of Defendant in California, reviewing and analyzing extensive work and payroll data for the Class produced by Defendant in the course of discovery, the employment of an economist and estimating potential Class recoveries on a 15 minute increment or pay period basis.

12)     As to the proposed payment of the net settlement proceeds to the Class  set forth in the Agreement, the Court has read and considered the Settlement and  Declaration of James Dal Bon and

finds that the proposed distribution does not improperly grant preferential treatment to any segment of the Class. The payment of the net settlement proceeds is rationally and reasonably related to the relative strengths and weaknesses of the claims asserted and the associated potential recoveries.

13)     The Court further finds on a preliminary basis that the payment of the Incentive Award of $7500 to the Representative Plaintiff contemplated by the Settlement is proper, fair, and reasonable in consideration of the facts that the Representative Plaintiff spent significant amounts of time assisting Class Counsel in investigating and preparing the Class's claims, searching for and producing documents, and that the Representative Plaintiff provided an extensive individual release to Defendant, in addition to the releases provided by all Settlement Class Members.

14)     Accordingly, the Court hereby GRANTS preliminary approval of the Class Settlement.

THE COURT PRELINARILY APPROVES THE PAGA SETTLEMENT

15)     The Court hereby grants preliminary approval of the PAGA Settlement, including the settlement and release of the PAGA Claims, as defined in the Settlement Agreement, and the payment of Fifty Thousand Dollars ($50,000) from the Gross Settlement Fund to resolve the PAGA Claims ("PAGA Payment").

16)     The Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or $37,500, to the California Labor and Workforce Development Agency ("LWDA") no later than ten (10) calendar days after the Defendant funds the Class and any appeal rights have passed or been waived by the Defendant.

17)     Twenty-five percent (25%), or $12,500, shall be distributed pro rata to all PAGA Releasees, based on the number of weeks worked by a PAGA Releasee, as a fraction of the total weeks worked by all PAGA Releasees.  PAGA Releasees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims. The payment to each PAGA Releasee shall be made in the form of a check to be mailed to each of them no later than ten (10)

calendar days after the Defendant funds the Class and any appeal rights have passed or been waived by the Defendant.

18)     All PAGA Claims are hereby dismissed with prejudice as to the Plaintiff and all PAGA Releasees during the PAGA period.  The claims in this Action and the PAGA Claims of each PAGA Releasee against Defendant, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement.  All PAGA Releasees are permanently enjoined from pursuing or seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement to the maximum extent permitted by law.

THE CLASS NOTICE IS REASONABLE

19)     Plaintiffs have submitted for the Court's approval a proposed form of Class Notice that has been jointly agreed upon by the Parties.  ECF 33 Ex K.  The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Settlement Class Members a full and fair opportunity to consider the proposed Settlement and develop a response.  The Parties' proposed plan for distributing the Class Notice set forth in the Settlement Agreement likewise appears to be a method that is reasonably calculated to reach all members of the Class who would be bound by the Settlement.

20)     The court hereby appoints Simplurus as the Class Administrator.

21)     Under this plan, Simplurus will distribute the Class Notice to Settlement Class Members by U.S. First Class Mail and e-mail.  There appears to be no additional method of distribution that would be reasonably likely to result in the receipt of notice by Settlement Class Members who may otherwise not receive notice pursuant to the proposed distribution plan.

22)     Accordingly, the Court HEREBY ORDERS that the Parties' proposed forms and manner of distributing notice to the Class are approved.

23)   The Court directs the mailing of the Class Notice by first-class mail to the Settlement Class

Members in accordance with the Implementation Schedule set forth below.  The Court finds the

dates and process selected for the mailing and distribution of the Notice, as set forth in the

Implementation Schedule and the Settlement Agreement, meet the requirements of due process and

provide the best notice practicable under the circumstances and shall constitute due and sufficient

notice to all persons entitled thereto.

24)   The Court orders the following Implementation Schedule for further proceedings:

25)   Within 14 days of the order for preliminary approval the Defendant will submit the class list

to the class administrator.

26)   Within 20 days of the Preliminary Approval Order the Class Administrator shall send notice

to all class members by first class mail.

27)   The Class Administrator will skip trace and remail Notices returned by the post office within

7 days of receipt of the returned Notice and make the Parties' counsel aware of such notice.

28)   Objections to the Settlement must be mailed within 21 days after the first Notice is mailed

and any Objections will be heard on the date set for the  Final Approval Hearing.

29)   Exclusions from the class settlement must be made 45 days after the date the Notice is first

mailed.

30)   Requests for exclusion from the Settlement must be postmarked on or before the expiration

of the Response Deadline and returned to the Settlement Administrator, in compliance with the

terms of the Settlement Agreement and Class Notice. Any Settlement Class Member may seek

exclusion from the Settlement, except the PAGA portion of the settlement as provided in the

Settlement Agreement. Requests for exclusion that do not comply with this paragraph and the

requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

31)     Objections to the Class Settlement must be filed with the Court by the close of the Response Deadline in compliance with the terms of the Settlement Agreement and Class Notice.  Objections must state the specific grounds on which they are being made and include all supporting facts.  If an objector intends to appear at the Final Approval Hearing, either in person or through an attorney, the objector must file and serve with the objection a notice of intention to appear at the Final Approval Hearing.  Objections that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be considered.

32)     A Final Approval and Fairness Hearing on the separate questions of whether (i) the proposed Class Settlement, (ii) the proposed award of Class counsel's Fees and Expenses to Class Counsel, and (iii) the proposed Class Representatives' Incentive Awards should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled for February 3, 2021 at 1:30 pm, in the Courtroom of the Honorable Phyllis J. Hamilton.  All briefs and materials in support of an Order Granting Final Approval of the Class Settlement, an Order Granting Class Counsel's Attorneys' Fees and Costs, and an Order granting the Class Representatives' Incentive Awards shall be filed and served by December 30, 2021 if opposed, and January 13, 2022 if unopposed.

33)     If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date of the Settlement does not occur for any reason, the Settlement Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in conjunction therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement Agreement.

34)     This Order, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing or the appropriateness of class certification in the non-settlement context in this Action or in any other proceeding. The

Settlement and this Agreement shall have no impact on the validity or enforceability of the Arbitration Agreements entered into by some of the Settlement Class Members, and the settlement shall not prejudice Defendant or the Released Parties from seeking to enforce such Arbitration Agreements.

35)     Pending further order of this Court, all proceedings in this matter other than those contemplated herein and in the Settlement Agreement, are hereby stayed.

36)     This Court may adjourn or continue the Final Approval Hearing from time to time without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated: October 25, 2021

By: _____

                              Honorable Phyllis J. Hamilton